FILED
RICHARD W. NAGEL
CLERK OF COURT

2019 AUG -6 PM 2:14

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOWN-LITE INTERNATIONAL, INC.

    Plaintiff,

v.

CHAD ALTBAIER, ET AL.,

    Defendants.

1:19cv627

Judge Dlott
Magistrate Judge Bowman

## OPINION AND ORDER[1]

---

[1] Based upon the following, the undersigned has determined that this motion may be ruled upon by order. There is no controlling Sixth Circuit precedent on whether Defendants' motion to change venue presents a dispositive matter and the district courts in this Circuit are without consensus. *Compare Dial Corp. v. News Corp.*, No. 12-15613, 2013 U.S. Dist. LEXIS 136334, 2013 WL 5353078, at *2 (E.D. Mich. Sept. 24, 2013)(treating motion to transfer venue as presenting a "nondispositive issue"); *Candela Mgmt. Grp., Inc. v. Taco Maker, Inc.*, No. CIV.A. 2:08-CV-1138, 2010 U.S. Dist. LEXIS 31978, 2010 WL 1253552, at *3-4 (S.D. Ohio Mar. 31, 2010)(referring to motion to transfer venue as a "nondispositive matter" and reviewing objections to the magistrate judge's denial of the motion to transfer venue under clearly erroneous/contrary to law standard); *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, No. 1:07-CV-1243, 2008 U.S. Dist. LEXIS 98992, 2008 WL 5156642, at *1 (W.D. Mich. Dec. 8, 2008)(same); *and City of Columbus v. Hotels.com, L.P.*, No. 2:06 CV 677, 2007 U.S. Dist. LEXIS 49775, 2007 WL 2029036, at *3 (S.D. Ohio July 10, 2007)("Because a motion to transfer venue is not a dispositive motion, Magistrate Judge Abel's recommended disposition of the motion is not subject to *de novo* review.") *with Payton v. Saginaw Cnty. Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010)(vacating the magistrate judge's order granting motion to transfer venue because the magistrate judge "did not have the authority to enter" an order on a dispositive matter); *Collins v. Synthes USA Sales, LLC*, No. 1:09 CV 2868, 2010 U.S. Dist. LEXIS 32768, 2010 WL 1408966, at *1, *3 (N.D. Ohio Apr. 2, 2010)(treating motion to transfer venue, which it had referred to the magistrate judge for report and recommendation, as a dispositive matter); *and Temple v. Circuit City Stores, Inc.*, No. 2:05-CV-165, 2006 U.S. Dist. LEXIS 70296, 2006 WL 2796483, at *1 (E.D. Tenn. Sept. 27, 2006)(considering *de novo* the objected-to portions of the magistrate judge's report and recommendation on motion to transfer venue and citing 28 U.S.C. § 636(b)(1)).

The Court in *Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691 (E.D. Mich. 2010) reviewed decisions from federal courts outside this Circuit and concluded that "the question is far from settled." *Id.* at 692. *Payton* found that several courts had treated a motion to transfer venue as a nondispositive matter under the reasoning that this type of motion merely addressed the forum where an action is adjudicated, not the merits of the case, and was therefore not "dispositive." *Id.* However, the *Payton* court disagreed, holding that "the most accurate measure of whether an order on a motion is 'dispositive' is not whether the merits of the dispute are adjudicated, but whether activity in the case in that forum is terminated." *Id.* at 693. Even though a transfer motion is not listed as a designated dispositive motion under 28 U.S.C. § 636(b)(1)(A), it reasoned that an order granting a transfer motion is functionally equivalent to an order of dismissal-albeit without prejudice-in that forum because it carries the consequence of depriving the plaintiff of his chosen location and forcing him to litigate elsewhere. *See also and Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co.*, 993 F. Supp. 2d 846, 850-52 (W.D. Tenn.

This matter is before the Court pursuant to Defendants' motion to transfer venue and consolidate (Doc. 8) which was filed on Thursday, August 1, 2019. A phone conference was held on Monday, August 5, 2019 wherein Plaintiff was ordered to respond to the motion by 10:00am Tuesday, August 6, 2019. (See Doc. 13). Defendants were given until 1:00pm this same day to reply if necessary. (See Doc. 14).

**I. Factual Background**

Plaintiff is an Ohio family owned corporation founded by Bob Altbaier, Marvin Werthaiser and Larry Werthaiser, with its principal place of business located in Ohio. (Verified Complaint, Doc. 1-4, ¶¶ 6, 12). Down-lite's business is concentrated in the United States, Canada and Europe, but operates globally. (Doc. 1-4, ¶2). Defendant Chad Altbaier, one of three children of Bob Altbaier, was an employee at Down-Lite. Chad Altbaier began working for Down-Lite as a Management Trainee in 2001. (Declaration of Chad Altbaier, Doc. 3-2, ¶1). Starting in 2003, Chad Altbaier alleges to have worked out of his home in California. (Id. at ¶2). Most recently, Chad Altbaier was "the founder and head of Down[-]lite's Outdoor division …". (Doc. 1-4, ¶18). Chad Altbaier is a signatory to an Employee Agreement that contains noncompete and nonsolicitation provisions and a Shareholder Agreement which also contains restrictive covenants and a forum selection clause indicating that claims be exclusively brought in Hamilton County, Ohio, courts. (Doc. 1-4, ¶9, see also Doc. 13-2).

---

2014). Even if the undersigned agreed with the holding in *Payton*, since this Opinion and Order denies the requested motion to transfer and thus, is not terminating activity in this forum, no further analysis is necessary.

Chad Altbaier formed his own business, Paice Partners Global, LLC, a California limited liability company, on April 30, 2019. (Doc. 1-4, ¶8). Paice is a single-member LLC, 100% owned, controlled and managed by Chad Altbaier. (Id. ¶20). Chad Altbaier resigned from Down-lite, effective August 1, 2019. Down-lite alleges that Chad Altbaier is violating both agreements by competing with Down-lie and misappropriating its trade secrets. (Id. at ¶3).

**II. Procedural Background**

Plaintiff was granted an e*x parte* Temporary Restraining Order ("TRO") against Defendants, in Hamilton County, Court of Common Pleas, on July 22, 2019, which by its own terms expired on August 5, 2019. A preliminary injunction hearing was scheduled in state court for August 5, 2019. On July 29, 2019, Defendants removed the matter from state court to this federal district court. In conjunction with the Notice of Removal, Defendants filed a motion to dissolve the TRO and the expedited discovery that was previously ordered by the state court. This case was referred to the undersigned on July 30, 2019 and a conference was held on July 31, 2019 to schedule the preliminary injunction hearing in this court. It is scheduled for August 7, 2019. An expedited briefing schedule for the motion to dissolve the TRO was established and will be ruled on by separate order.

Also on July 29, 2019, Defendants filed their own complaint for damages and injunctive relief and an *ex parte* application for a TRO in the Northern District of California, Case Number 3:19cv4348-EMC. Judge Chen set a hearing on the TRO for August 6, 2019 at 1:30 PST.

## III. Legal Analysis

Defendants move to transfer venue to the United States District Court for the Northern District of California and to consolidate this matter with *Altbaider, et al. v. Down-lite International, Inc.*, Case No. 3:19-CV-04348, pursuant to 28 U.S.C. § 1404(a). (Doc. 8).

### A. Standard

In relevant part, 28 U.S.C. § 1404(a) states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A decision to transfer venue is discretionary. *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991); *Louis Dreyfus Co. Metals Merch. LLC v. PLS Logistics Servs.*, No. 16-cv-00777, 2017 U.S. Dist. LEXIS 218053, at *3 (S.D. Ohio Sep. 30, 2017). The moving party bears the burden of proving that a venue change is warranted. *Slate Rock Constr., Co. v. Admiral Ins. Co.*, No. 2:10-CV-1031, 2011 U.S. Dist. LEXIS 97122, at *19 (S.D. Ohio Aug. 30, 2011). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). Moreover, a valid forum-selection clause should usually control the decision to transfer the case, unless extraordinary circumstances are present. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 134 S. Ct. 568, 581-2, 187 L. Ed. 2d 487 (2013); *Louis Dreyfus Co. Metals Merch. LLC v. PLS Logistics Servs.*, No. 16-cv-00777, 2017 U.S. Dist. LEXIS 218053, at *3 (S.D. Ohio Sep. 30, 2017).

A two-step framework should be used when determining whether to grant a motion to transfer venue. *Sky Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp.2d 286 (S.D. Ohio 2000). The court must first determine whether venue would be proper in the proposed venue. *Id.* at 291. If yes, the court must weigh a number of private and public factors to determine whether the proposed venue is a better forum for resolution of the case. *Id.*; *Slate Rock Constr., Co.*, 2011 U.S. Dist. LEXIS 97122, at *20.

> Courts have considered the following factors:
>
> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at *20-1 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)). The existence of a mandatory forum-selection clause modifies the consideration of the parties' private interests. *Atl. Marine Const. Co.* 134 S. Ct. at 581. Where a valid forum selection clause exists, a court should not entertain arguments about the parties' private interests and instead should deem the private interest factors to weigh entirely in favor of the previously agreed upon forum. *Id.* at 582. Consequently, a court may only

consider the public interest factors. *Id.* This restriction will almost always result in the forum-selection clause controlling. *Id.*

### B. The Northern District of California

In reviewing the Plaintiff's Verified Complaint, the Court determines that this action could have been brought in the Northern District of California. Thus, the first step is satisfied.

### C. The Forum-Selection Clause

Before addressing the second step in the §1404(a) analysis, the Court will turn to the parties' arguments regarding the existence of a valid Shareholder Agreement.[2] Defendants argue that the Shareholder Agreement is illegal and unenforceable. As Defendants correctly point out, three considerations govern the enforceability determination: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Wong*, 589 F.3d at 828 (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)).

Defendants argue that the forum selection clause in the Shareholder Agreement is illegal and unenforceable because it violates and is voided by California Labor Code

---

[2] The Employee Agreement does not contain a forum selection provision.

6

Section 925, effective January 1, 2017. Section 925 "provides that an employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would (1) require the employee to adjudicate outside of California a claim arising in California, or (2) deprive the employee of substantive protection of California law with respect to a controversy arising in California." (Doc. 8, p10). Section 925 applies to any contract entered into, modified, or extended on or after January 1, 2017. (Id.) Defendants argue that since Down-lite last modified the Shareholder Agreement in the Summer of 2017, the Ohio forum selection clause is subject to Section 925 and is thus void because it attempts to require Chad Altbaier to adjudicate in Ohio a claim he alleges arises in California.

Plaintiff argues that Section 925 is not applicable because the Shareholder Agreement was not executed "as a condition of employment." The Court agrees. The operative agreement relating to Chad Altbaier's employment is the Employment Agreement which did in fact require his signature as a condition of employment. However, the Employment Agreement does not contain a forum selection clause. The Shareholder Agreement, executed by the three founding fathers of Down-lite and their respective trusts (by the trustees) is not they type of agreement that is covered by Section 925, nor was this agreement on that was required as a condition of employment. In fact, several non-employees, including Chad Altbaier's two sisters, are signatories to the Shareholder Agreement.

As noted in *Atl. Marine Const. Co.*, a valid forum-selection clause almost always controls the outcome of a motion to transfer venue and negates the need to evaluate

7

the private factors. However, in the interest of being thorough should a reviewing court disagree, the undersigned will also address the private factors.

### D. Private and Public Factors

The Court finds that the balance of the relevant private and public interests does not support a transfer to the Northern District of California. When evaluating the private and public factors, "no one factor is determinative; the 'central focus of the . . . inquiry is convenience . . . .'" *Greenfield Prods. v. Batesville Tool & Die, Inc.*, No. 1:08cv38, 2008 U.S. Dist. LEXIS 32481, at *12 (S.D. Ohio Apr. 2, 2008) (*quoting Stewart v. Dow Chemical Co.*, 865 F.2d at 106). The plaintiff's choice of forum is typically "weighted significantly more heavily" than the other factors. *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 902-03 (S.D. Ohio 2013). Of the remaining factors, witness convenience is one of the most important. *Klopfenstein v. Fifth Third Bank*, 2012 U.S. Dist. LEXIS 156063, 2012 WL 5378727, *3 (N.D. Ohio Oct. 31, 2012).

### 1. Private Factors

Defendants discussed the following the private factors: 1) Plaintiff's choice of forum; 2) access to sources of proof; 3) convenience of the party witnesses; and 4) convenience of the non-party witnesses and the availability of compulsory process of unwilling witnesses. (Doc. 8, p7).

Defendants invite this court to follow *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) wherein the Court ignored the "first to file" rule and transferred a declaratory judgement action to the District of Kansas where a related action filed by defendants was pending. However, the Court finds *Zide Sport Shop* to be distinguishable.

Defendants allege that Plaintiff was not forthcoming with Defendants about its intention to file suit in Ohio and seek a temporary restraining order even though the parties were engaged in settlement discussions. Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping. *Id.* at 437 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988)). Here, none of those factors weigh against enforcement of the first to file rule in this matter. Settlement negotiations had broken down (see Doc. 3-2, ¶ 14-19), although admittedly some discussions continued none were productive. Most importantly though Plaintiff is an Ohio corporation with a Shareholder Agreement that provides for Hamilton County, Ohio to be the forum for any litigation. There was no forum shopping. Plaintiff filed a complaint for temporary, preliminary and permanent injunction relief, breach of contract and misappropriation of trade secrets in state court in Hamilton County, Ohio. Unlike in *Zide Sport Shop*, Plaintiff did not file a declaration judgment action. Defendants take issue with the fact that Plaintiff did not notify them of the filing of the suit or otherwise directly communicate the fact that they were going to file suit. Although this is understandable, Plaintiff did serve the Complaint and motion for temporary restraining order on Defendants at Chad Altbaier's residence via Federal Express on July 20, 2019,[3] two days prior to it being filed. (See. Doc. 9-1). Chad Altbaier attests that he did not receive the complaint or have knowledge that Plaintiff would be filing a complaint on July 22, 2019. (See Doc. 3-2, ¶ 25). Be that as it may be, the Court does not find Plaintiff's attempt to serve

---

[3] The documents were sent "no signature required."

9

Defendants to be in bad faith or amount to inequitable conduct. Thus, the Court declines the invitation to follow *Zide Sport Shop* and finds that Plaintiff's chosen forum weighs against transfer.

Next, access to sources of proof is neutral. With the convenience of modern technology, this factor is less relevant as it might have once been.

In considering both the convenience of the party witnesses and the non-party witnesses, this factor too weighs against transfer. Down-lite and its corporate representatives and most employees are in Ohio. With no supporting case law cited, Defendants argue that Mr. Altbaier will have to travel to Ohio at his own expense and that "the administrative burden caused by travel cannot be spread among others" since Paice is a one-man shop run solely by Chad Altbaier. While recognizing that travel from the West coast to Cincinnati is not ideal, it is not sufficient to tip the scale in Defendants favor. Plaintiff is an Ohio corporation with its principal place of business in the Greater Cincinnati, Ohio area. Down-lite has over 300 employees, including its CEO and most officers and shareholders, in Ohio. Furthermore, Marvin Werthaiser does not fly, due to hearing problems that preclude him from doing so. Thus, he would have to drive to California if this matter was transferred. Finally, the only non-Ohio witness discussed thus far is Chad Altbaier himself. All other witnesses, parties and non-parties alike reside in Ohio.[4]

---

[4] Chad Altbaier's spouse is employed by Down-lite and resides in California. Although neither party mentioned her as a potential witness, the Court can foresee her being called as such. However, that does not change the analysis here as she is able to travel to Ohio if needed.

### 2. Public Factors

Defendants raise three public factors in support of its motion: 1) applicable court congestion; 2) localized interest; and 3) interest in having a trial in a forum that is at home with the law. None of these factors favor a transfer. Both the Southern District of Ohio and the Northern District of California are congested. Defendants did not provide any arguments on the congestion of the two Courts, only arguing that both courts "have already demonstrated the ability to expeditiously advance this case." (Doc. 8, p 8). Albeit that this is true, the undersigned suspects that the Northern District of California has a higher case load per judge than the Southern District of Ohio.

As previously mentioned, Plaintiff is an Ohio corporation, a closely held family business, that is pursuing claims against an individual defendant who resides in California and his new business. Without any legal support, Defendants argue that it is "fundamentally unfair" for "an Ohio court to govern the conduct of a person and a business that reside in California." (Doc. 8, p 8). Despite how "fundamentally unfair" Defendants think it is, this Court, like all federal courts across the county, are quite accustomed to dealing with diverse parties and treating each such party equally and fairly.

Defendants final argument is that California law should apply and that the Northern District of California is more "attune with the public policy of its geography location" and that members of a jury from California would be better able to apply California law.[5] (Doc. 8, p 8). The Court has already determined that Section 925 does not void the Shareholder Agreement. However, even if California law is later

---

[5] The Court assumes this is the argument that Defendants are making as to jury preference as it is not entirely clear from the brief.

determined to apply, this Court and members of an Ohio jury are quite capable of applying California law. At best, this factor is neutral.

**E. The Balance of the Factors**

The balance of the factors weighs against transferring this case to the Northern District of California and thus, against consolidation with the pending case there. Even assuming arguendo that the Shareholder Agreement is invalid, the private factors still do not weigh in favor of transferring the case. Considering the totality of the circumstances, the factors do not weigh strongly enough in favor of transferring to disturb the plaintiff's choice of forum. *See Reese*, 574 F.3d at 320. Therefore, Defendant's motion to transfer venue and consolidate is hereby DENIED.

IT IS SO ORDERED.

*Stephanie K. Bowman*
Stephanie K. Bowman
U.S. Magistrate Judge