

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Down-Lite International, Inc.,

    Plaintiff,

v.

Chad Altbaier, et al.,

    Defendants.

Case No. 1:19cv627

Judge Susan J. Dlott

Magistrate Judge
Stephanie Bowman

### OPINION & ORDER

This matter is before the court on Defendants' Motion to Dissolve Temporary Restraining Order and Motion to Vacate Expedited Discovery Order and Hearing Date. (Doc. 3). Plaintiff has filed a Response in Opposition. (Doc. 9). For the reasons stated below, Defendants' Motion to Dissolve Temporary Restraining Order is **DENIED.**

### I.   Procedural Background

Plaintiff Down-Lite International, Inc. ("Down-Lite") filed a complaint in the Hamilton County Court of Common Pleas on July 19, 2019 seeking injunctive and compensatory damages "in excess of $25,000" plus attorney's fees incurred, all of which "in total state a claim for less than $75,000". (Doc. 4, PageID #152-153). Plaintiff brings three claims against Defendants Chad Altbaier and his company Paice Partners Global, LLC ("Paice")[1], alleging misappropriation of trade secrets, breach of an employment agreement, and breach of a shareholder agreement. Plaintiff claims on the same day they filed the complaint they sent stamped copies of the Complaint, a Motion

---

[1] Because Paice Partners Global, LLC is solely represented by Mr. Altbaier, filings by both parties and this Court often refer to Defendants in the singular.

1

for Temporary Restraining Order, and other filings to Defendants via overnight mail. (Doc. 9, PageID #196). Plaintiff states they received confirmation from FedEx of delivery to Defendants' home and business addresses on Saturday, July 20, 2019.

The state court held a hearing on July 22, 2019 regarding Down-Lite's Motion for Temporary Restraining Order (TRO), which it granted the same day. The state court issued a fourteen-day TRO to extend until August 5, 2019 and scheduled a preliminary injunction hearing for that date. On July 29, 2019, Defendants filed a notice of removal to federal court as well as Motions to Dissolve the TRO and Vacate the Expedited Discovery Order and hearing date previously ordered by the state court. Plaintiff responded in opposition to Defendants' Motions to Dissolve and Vacate on August 3, 2019. On August 1, 2019, Defendants separately filed a Motion to Change Venue and Consolidate with a related action Defendants filed in the United States District Court for the Northern District of California.

When the case was initially removed to federal court, this Court scheduled a preliminary injunction hearing to be held, if necessary, on August 7, 2019. On August 5, 2019, counsel for both parties attended a telephone conference where they mutually agreed to extend the TRO until August 7, 2019, the day of the preliminary injunction. On August 6, 2019, Plaintiff responded in opposition to Defendants' Motion to Change Venue and Consolidate. The same day, this Court granted Defendants' unopposed motion for extension of time until August 12, 2019 to answer, move or otherwise respond to Plaintiff's complaint. This Court also published an Opinion and Order denying Defendants' Motion to Transfer Venue and Consolidate. On August 7, 2019, both parties agreed to delay the preliminary injunction hearing and attempted mediation.

The parties did not reach a settlement agreement, so this Court rescheduled a preliminary injunction hearing to begin on August 26 or 27, 2019.[2] This Court, by separate order filed this day, also extended the TRO until the hearing is concluded.

This Opinion and Order addresses the Defendants' Motion to Dissolve Temporary Restraining Order and Motion to Vacate Expedited Discovery Order and Hearing Date.

## II. **Factual Background**

Plaintiff is an Ohio family owned corporation founded by Bob Altbaier, Marvin Werthaiser and Larry Werthaiser, with its principal place of business located in Ohio. (Verified Complaint, Doc. 1-4, , ¶¶ 6, 12). Down-Lite's business is concentrated in the United States, Canada and Europe, but operates globally. (Doc. 1-4, ¶ 2). Defendant Chad Altbaier, one of three children of Bob Altbaier, was an employee at Down-Lite. Chad Altbaier began working for Down-Lite as a Management Trainee in 2001. (Declaration of Chad Altbaier, Doc. 3-2, ¶ 1). Starting in 2003, Chad Altbaier alleges to have worked out of his home in California. (Id. at ¶ 2). Most recently, Chad Altbaier was "the founder and head of Down[-L]ite's Outdoor division ... ". (Doc. 1-4, ¶ 18). Chad Altbaier is a signatory to an Employee Agreement that contains noncompete and nonsolicitation provisions and a Shareholder Agreement which also contains restrictive covenants and a forum selection clause indicating that claims be exclusively brought in Hamilton County, Ohio, courts. (Doc. 1-4, ¶ 9, see also Doc. 13-2). Chad Altbaier formed his own business, Paice Partners Global, LLC, a California limited liability

---

[2] The parties have yet to confirm with the Court the exact date of the preliminary injunction hearing. The Court has provided August 27, 28, and 29 as possible dates for proceedings, which are the earliest possible dates all parties indicated they can appear and sufficiently execute discovery.

company, on April 30, 2019. (Doc. 1-4, ¶ 8). Paice is a single-member LLC, 100% owned, controlled and managed by Chad Altbaier. (Id. ¶ 20). Chad Altbaier resigned from Down-Lite, effective August 1, 2019. Down-Lite alleges that Chad Altbaier is violating both agreements by competing with Down-Lite and misappropriating its trade secrets. (Id. at ¶ 3)

### III. Legal Analysis

#### A. Standard

In relevant part, Ohio Civ. R. 65(A) provides state courts the following standard for granting temporary restraining orders without notice to the adverse party:

> [a] temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.

In relevant part, Ohio Civ. R. 65(A) provides the following standard for the length of a temporary restraining order and requirements for its extension:

> Every temporary restraining order granted without notice shall be filed forthwith in the clerk's office; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for one like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

#### B. Temporary Restraining Order

Plaintiff maintains that they mailed Defendants stamped copies of the Verified Complaint, Motion for Temporary Restraining Order, and other filings via overnight mail

4

on Friday, July 19, 2019. (Doc. 9, PageID #196). Nonetheless, Plaintiff is also correct in their assertions that Ohio Civ. R. 65(A) provides an avenue for obtaining a TRO without written or oral notice to the adverse party or attorney.

First, Plaintiff must establish by specific facts in an affidavit or verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition. Ohio Civ. R. 65(A)(1). Plaintiff asserts by Verified Complaint that Down-Lite "has trade secrets and develops and maintains confidential and highly proprietary information" and that such confidential information "derives independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, including competitors." (Verified Complaint, Doc. 4, ¶ 43-44).

It was Plaintiff's verified belief at the time of the TRO's issuance that Defendants had "willfully misappropriated or threatened to misappropriate [Plaintiff]'s trade secrets for use against [Plaintiff] and for the benefit of the Defendants within the meaning of Ohio Rev. Code § 1333.61(B)(2)." (Id. at ¶ 46). According to both the Verified Complaint and Mr. Altbaier's affidavit, Defendant formed Paice on April 30, 2019. (Id. at ¶ 20, Doc. 3-2 at ¶ 10). Upon verified information and belief at the time of the emergency TRO's issuance, Defendant's alleged misappropriation of Plaintiff's trade secrets was active and ongoing. Mr. Altbaier had already formed Paice and had left his position at Down-Lite. The state court had reason to believe, based on the verified complaint, that such misappropriation would result in "immediate and irreparable injury, loss or damage…before the adverse party or his attorney [could] be heard in opposition." Ohio

Civ. R. 65(A)(1). The court also had reason to believe that Defendant would not cease his actions without immediate restraint by the court.

Second, Plaintiff's attorney must certify to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required. Plaintiff maintains that they provided Defendants with notice by sending the Motion for Temporary Restraining Order to Plaintiffs on July 20, 2019. Plaintiff attached a Certificate of Service to the Verified Complaint provided to the state court on July 19, 2019. (Doc. 1-4, p. 13). The hearing was on July 22, 2019. Plaintiff fulfilled the requirements of Ohio Civ. R. 65(A)(2) by providing what efforts Plaintiff had made to give notice to Defendants.

Because the state court properly determined immediate, irreparable injury to the Plaintiff would result from Defendants' actions before the adverse party could be heard, the Defendants' Motion to Dissolve Temporary Restraining Order is denied.

### C. Expedited Discovery Order and Extension

Defendants argue this Court should vacate the expedited Discovery Orders because they "are the fruit of Down-Lite's poisonous tree." (Doc. 3, PageID #81). Defendants claim that Plaintiff would receive a discovery-related advantage through its failure to provide Defendants proper notice. As discussed above, Plaintiffs did not fail to provide proper notice as described by Ohio Civ. R. 65. This Court has scheduled a preliminary injunction hearing, and is extending the TRO until the preliminary injunction hearing. Under both Ohio Civ. R. 65 (the rule under which the state court initially granted the TRO) and USCS Fed. Rules Civ. Proc. R. 65 (the rule providing this Court jurisdiction to issue a TRO), this Court may, for good cause, extend a TRO for a "like

period." This Court has good cause for extending the TRO until the preliminary injunction hearing. The reasons for which the state court initially granted the TRO, including the fact that Mr. Altbaier had already formed Paice and left Down-Lite, are still true. (Declaration of Chad Altbaier, Doc. 3-2, ¶ 11). The preliminary injunction hearing is being held "at the earliest possible time", as would be required by USCS Fed. Rules Civ. Proc. R. 65(b)(3) for orders provided without notice. The TRO extension and expedited discovery order are both issued for good cause, and shall extend until the date of the preliminary injunction hearing. Because of the foregoing reasons, the Defendants' Motion to Vacate Expedited Discovery Order and Hearing Date is denied.

## IV. Conclusion

Defendants' Motion to Dissolve Temporary Restraining Order and Motion to Vacate Expedited Discovery Order and Hearing Date are hereby **DENIED**.

IT IS SO ORDERED.

*/s/ Stephanie K. Bowman*
Stephanie K. Bowman
U.S. Magistrate Judge