IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Down-Lite International, Inc., | : | |
| | : | Case No. 1:19-cv-627 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Overruling Objections to |
| Chad Altbaier, *et al.*, | : | Magistrate Judge's Opinion and Order |
| | : | and Denying Request for Judicial Review |
| Defendants. | : | |

This matter was referred to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and issued an Opinion and Order (Doc. 15) on August 6, 2019 through which she denied the Motion to Transfer Venue and Consolidate ("Motion to Transfer") (Doc. 8) filed by Defendants Chad Altbaier and PAICE Partners Global, LLC ("collectively, "PAICE"). In their Motion, Defendants sought to transfer venue to the United States District Court for the Northern District of California and to consolidate this matter with *Altbaier, et al. v. Down-lite International, Inc.*, Case No. 3:19-cv-04348, pursuant to 28 U.S.C. § 1404(a). The Magistrate Judge concluded that the balance of factors weighs against transferring this case to the Northern District of California and consolidating this action with the pending case there.

On August 8, 2019, the Magistrate Judge issued a separate Opinion and Order denying Defendants' Motion to Dissolve Temporary Restraining Order and Motion to Vacate Expedited Discovery Order and Hearing Date. (Doc. 17.) In their Motion to Dissolve Temporary Restraining Order and Motion to Vacate Expedited Discovery Order and Hearing Date ("Motion to Dissolve") (Doc. 3), Defendants asked the Court to dissolve and vacate a temporary restraining order entered by the state court on July 22, 2019 and to vacate its expedited discovery order and reschedule the preliminary injunction hearing. (Doc. 3.) The Magistrate Judge denied

1

the request to dissolve the temporary restraining order, finding that the state court properly determined immediate, irreparable injury to the Plaintiff would result from Defendants' actions before the adverse party could be heard. The Court found good cause to extend the temporary restraining order until the preliminary injunction hearing, which it stated was scheduled for the earliest possible time. The expedited discovery order was also issued for good cause and was extended until the preliminary injunction hearing. According to the docket in this case, a four-day preliminary injunction hearing was held from August 26–29, 2019. The Court awaits a Report and Recommendation on the disposition of that issue.

On August 20, 2019, Defendants filed Objections to the Magistrate's Opinion and Order Denying Defendants' Motion to Transfer (Doc. 25). Defendants object to the following findings in the Magistrate's Opinion and Order on the Motion to Transfer Venue: (1) the Motion to Transfer is a nondispositive matter under Rule 72; (2) the forum selection clause in the Shareholder Agreement is valid, enforceable, and not voided by California Labor Code Section 925; (3) the private interest factors, including the first to file rule, weigh against transfer of this case to California; and (4) the public interest factors weigh against transfer of this case to California.

On August 22, 2019, Defendants filed a Request for Judicial Review of the Magistrate's Opinion and Orders of August 6, 2019 and August 8, 2019. (Doc. 27.) Defendants again argue that the Magistrate Judge incorrectly found that their Motion to Transfer was a nondispositive matter and asks this Court to review her decision *de novo*. In addition, Defendants argue that the Magistrate Judge's August 8, 2019 Opinion and Order denying their Motion to Dissolve should be subject to *de novo* review, because the ruling was on a dispositive matter, and the Magistrate

Judge did not afford them a hearing. On September 6, 2019, Plaintiff opposed Defendants' Request for Judicial Review. (Doc. 36.)

## I. Standard of Review

Pursuant to Rule 72(a), a magistrate judge to whom a nondispositive, pretrial matter is referred must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id*. The clearly erroneous standard applies to factual findings, whereas the contrary to law standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (Table) (6th Cir. 1994). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Miami Valley Fair Hous. Ctr. Inc. v. Metro Dev. LCC*, No. 2:16-cv-607, 2018 WL 558942, at *2 (S.D. Ohio Jan. 25, 2018) (citing *Eversole v. Butler Cnty. Sheriff's Office*, No. C-1-99-789, 2001 WL 1842461, at *2 (S.D. Ohio August 7, 2001)). "The District Court Judge's review under the 'contrary to law' standard is 'plenary,' and 'it may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Id*. (citing *Gandee*, 785 F. Supp. at 686) (additional quotations and citations omitted).

## II. Analysis

The Court will first resolve Defendants' threshold objection to the Magistrate Judge's decision to issue Opinion and Orders as opposed to Report and Recommendations on these

issues. Defendants ask this Court to review her decisions under the *de novo* standard[1] rather than the contrary to law or clearly erroneous standard applicable to nondispositive matters.

In issuing her August 6, 2019 Opinion and Order, the Magistrate Judge determined that in consideration of relevant precedent, Defendants' Motion to Transfer may be ruled upon by Order as opposed to Report and Recommendation. The Magistrate Judge found that there is no controlling Sixth Circuit precedent on whether a motion to change venue presents a dispositive matter, and the district courts within this Circuit are without consensus. *Compare Dial Corp. v. News Corp.*, No. 12-cv-15613, 2013 WL 5353078, at *2 (E.D. Mich. Sept. 24, 2013) (treating magistrate judge's ruling on motion to transfer venue as a nondispositive issue) *with Temple v. Circuit City Stores, Inc*., Nos. 2:05-cv-165, 2:05-cv-211, 2006 WL 2796483, at *1 (E.D. Tenn. Sept. 27, 2006) (treating magistrate judge's ruling on motion to transfer as a dispositive issue). The Magistrate Judge also discussed potentially contrary authority by distinguishing her decision from that of *Payton v. Saginaw County Jail*, in which a district court judge vacated the magistrate judge's order granting the defendant's motion to change venue. 743 F. Supp. 2d 691, 693 (E.D Mich. 2010). The Magistrate Judge noted she found that case distinguishable because the decision that the magistrate judge lacked authority to transfer venue in that case was premised on the fact that the magistrate judge's order granting the motion to transfer terminated the action in the forum, which is not the case here, where the motion to transfer is denied.

Defendants argue that contrary to the Magistrate Judge's decision, the recent case law in the Sixth Circuit suggests a "growing trend" among district courts to treat transfer motions as dispositive, but the cases cited by Defendants are not persuasive to the Court. In support of their position, Defendants rely upon an unpublished report and recommendation that was rejected by

---

[1] Rather than the aforementioned clearly erroneous and contrary to law standard of review applied to a nondispositive matter under Rule 72(a), *de novo* standard of review applies to a dispositive matter under Rule 72(b).

4

the district court judge in which a magistrate judge recommended denying a motion to transfer. *See United States v. French*, No. 3:96-CR-96, 2015 WL 5177632 (W.D. Ky. July 22, 2015), *rejected*, 2015 WL 5167641 (Sept. 3, 2015) (rejecting report and recommendation and granting motion to transfer). In addition, Defendants cite *Johnson v. Bottom*, No. 5:15-cv-42, 2015 U.S. Dist. Lexis 53402 (E.D. Ky. Feb. 26, 2015) (recommending granting motion to transfer with no analysis about dispositive or nondispositive nature of the matter). Finally, Defendants also rely upon an older, noncontrolling case from the District of Rhode Island, which the Court does not find helpful as it involved a magistrate judge's pretrial disposition of striking affirmative defenses, which the district court judge found to be a dispositive pretrial matter. *U.S. v. Davis*, 794 F. Supp. 67, 68 (D.R.I. 1992). The Court finds that the Magistrate Judge thoroughly considered relevant and contradictory authorities and made a reasonable decision, not contrary to law, that it was appropriate to issue an Opinion and Order and treat the transfer matter as nondispositive. The Court finds no grounds to overrule that decision.

As to the Magistrate Judge's decision to issue an August 8, 2019 Opinion and Order in ruling on Defendants' Motion to Dissolve, the Court finds that decision to be within her authority to control nondispositive pretrial, case management issues. At the time the Opinion and Order was issued, the Court anticipated a preliminary injunction hearing, which has since been held. The Court awaits a Report and Recommendation of her decision on that matter.

Defendants' other objections to the Magistrate Judge's Opinion and Order on their Motion to Transfer are no more than a page at length and are broad, general objections to the Magistrate Judge's major conclusions. Defendants cite no new authority and do not raise any new arguments. Having thoroughly reviewed the Magistrate Judge's Order and relevant filings,

the Court finds the Magistrate Judge's August 6, 2019 Opinion and Order ruling on the Motion to Transfer to be well-reasoned and not contrary to law or clearly erroneous.

As such, Defendants' Objections to the Magistrate's Opinion and Order Denying Defendants' Motion to Transfer Venue (Doc. 25) are **OVERRULED,** and the decision is **AFFIRMED**.  Defendants' Request for Judicial Review of the Magistrate's Opinion and Orders of August 6, 2019 and August 8, 2019 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 17th day of September, 2019.

BY THE COURT:


S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge
